**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
MADALYN PREVETE                                  :
on behalf of Plaintiff and the class             :
members described herein,                        :
                                                 :
                          Plaintiff,             :
                                                 :
              vs.                                :
                                                 :
PROFESSIONAL CLAIMS                              :
BUREAU, INC., and  PROFESSIONAL                  :
CLAIMS BUREAU, LLC,                              :
                                                 :
                          Defendants.            :
-------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Madalyn Prevete brings this action to secure redress regarding unlawful collection practices engaged in by Defendants Professional Claims Bureau, Inc., and Professional Claims Bureau, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.  Plaintiff's private information was wrongfully disclosed by Defendants to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.  Personal jurisdiction and venue in this District are proper because Defendants' collection letter was received here.

## PARTIES

### Plaintiff

5. Plaintiff Madalyn Prevete is a natural person residing in Brooklyn, New York.

### Defendants

6. Defendant Professional Claims Bureau, Inc., was a corporation organized under the law of New York with offices at 439 Oak St., Garden City, NY 11530.

7. According to the New York Department of State, on January 28, 2021, Professional Claims Bureau, Inc., was merged and ceased to have independent existence.

8. Although the successor entity is not identified by the New York Department of State, on information and belief, the successor entity is Defendant Professional Claims Bureau, LLC, a limited liability company organized under Delaware law shortly before the merger, also with offices at 439 Oak St., Garden City, NY 11530.

9. Defendants Professional Claims Bureau, Inc. and Professional Claims Bureau, LLC are both engaged in the business of a collection agency, collecting consumer debts (mainly or exclusively health care) and using the mails and telephone system for that purpose.

10. Defendants Professional Claims Bureau, Inc. and Professional Claims Bureau, LLC are each a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

11. The manner in which Defendants Professional Claims Bureau, Inc. and Professional Claims Bureau, LLC conducted business after the merger – "Professional Claims Bureau, Inc." no longer existed but collection letters were sent under the name of "Professional Claims Bureau, Inc." – is such that they should be held jointly liable for all collection activities conducted under either

name.

## FACTUAL ALLEGATIONS

12. This action arises out of attempts to collect health care debts incurred for personal, family or household purposes.

13. On or about April 10, 2021, a letter purporting to come from Defendant Professional Claims Bureau, Inc., but actually sent by a letter vendor, was sent to Plaintiff. A copy of this letter is in Exhibit A.

14. On or about April 17, 2021, a letter purporting to come from Defendant Professional Claims Bureau, Inc., but actually sent by a letter vendor, was sent to Plaintiff. A copy of this letter is in Exhibit B.

15. The letters bear markings that are characteristic of letters generated by a letter vendor.

16. In order to have the letter vendor send Plaintiff the letters, Defendant Professional Claims Bureau, Inc. and/or Defendant Professional Claims Bureau, LLC had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debts, and other personal information.

17. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

18. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

20. The communications of Defendant Professional Claims Bureau, Inc. and/or

Defendant Professional Claims Bureau, LLC to the letter vendor were in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

21. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

22. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

23. The letter vendor used by Defendant Professional Claims Bureau, Inc. and/or Defendant Professional Claims Bureau, LLC as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

24. Due to Defendants' communications to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

25. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

26. Defendant Professional Claims Bureau, Inc. and/or Defendant Professional Claims Bureau, LLC unlawfully communicates with the unauthorized third-party letter vendor solely

for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27. In its reckless pursuit of a business advantage, Defendants have disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. This claim is against both Defendants.

30. Defendants violated 15 U.S.C. §1692c(b) when they disclosed information about Plaintiff's purported debts to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

31. Defendants violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

33. The class consists of (a) all individuals in New York (b) to whom a letter was prepared and sent by a letter vendor (c) at the instance of either Defendant Professional Claims Bureau, Inc. or Defendant Professional Claims Bureau, LLC (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

34. Plaintiff may alter the class definition to conform to developments in the case and

discovery.

35. On information and belief, based on the size of Defendants' business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendants' practice as described above violates the FDCPA.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

39. Plaintiff incorporates paragraphs 1-27.

40. This claim is against both Defendants.

41. By having letters sent under the name of Professional Claims Bureau, Inc., after the entity of that name ceased to exist, Defendants violated 15 U.S.C. §§1692e and 1692e(14).

42. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

43. A consumer is entitled to know who is engaging in collection efforts directed to her, without having to guess or to retain counsel to examine corporate filings in two states. Defendants created confusion in that regard.

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

45. The class consists of (a) all individuals in New York (b) to whom a letter using the name "Professional Claims Bureau, Inc." to designate its source was sent (c) after January 28, 2021.

46. Plaintiff may alter the class definition to conform to developments in the case and discovery.

47. On information and belief, based on the size of Defendants' business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

48. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendants acts as described above violates the FDCPA.

49.  Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

50.  A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.  Individual actions are not economically feasible.

    b.  Members of the class are likely to be unaware of their rights;

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i.  Statutory damages;

    ii.  Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**



| | | | |
|---|---|---|---|
| Balance Due | | Creditor: | |
| PCB # | 4768 | Provider | |
| Client Acct # | 3585 | Patient Name: | MADALYN PREVETE |
| | | Service Date: | |

## PROFESSIONAL CLAIMS BUREAU, INC.
NYC Dept of Consumer Affairs License #0811196
*"Se Habla Espanol"*

The New York City Department of Consumer Affairs requires us to ask for your language preference for reporting purposes. At this time, Professional Claims Bureau, Inc. offers language access or translation services for the following languages: English & Spanish. These services are only available orally and not in written form. Translations and descriptions of commonly used debt collection terms are available in multiple languages at www.nyc.gov/dca

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com

E-Mail: info@pcbinc.org

### IMPORTANT ACCOUNT INFORMATION

The above referenced account has been referred to our offices for collection by the creditor listed above.

Our professional account representatives are available to help you resolve this situation in a way that is acceptable to both you and our client.

The balance due may represent a balance after insurance or a balance that your insurance carrier has denied for some reason.

For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card.
www.paypcb.com

Additionally, feel free to mail your check, money order or credit card information along with the payment stub below.

*Whatever you do, please do not choose to ignore this outstanding debt.*

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*
A/C REP: L MARCUS EXT 8228

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.



PO Box 9060
Hicksville, NY 11802-9060
**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.



MADALYN PREVETE



| Account #: | Statement Date: |
|---|---|
| 3585 | 04/10/2021 |
| Patient Name: MADALYN PREVETE | Balance Due: |

We accept: VISA

Amount Paid

card number _____ expiration date _____

signature _____ cvv code _____

print name _____

☐ Health/Flex Spending Account

4768
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

541

4452-PCBSTM-4590530-3185062677-P; 21232485-2-527; 32873981-1;

# **EXHIBIT B**



Balance Due
PCB #
Client Acct # ████████ 6262
████████ 7002

Creditor: ████████
Patient Name: MADALYN PREVETE
Service Date: ████

 **PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0811196
"Se Habla Espanol"

The New York City Department of Consumer Affairs requires us to ask for your language preference for reporting purposes. At this time, Professional Claims Bureau, Inc. offers language access or translation services for the following languages: English & Spanish. These services are only available orally and not in written form. Translations and descriptions of commonly used debt collection terms are available in multiple languages at www.nyc.gov/dca

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours:  Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com

E-Mail:
info@pcbinc.org

## IMPORTANT ACCOUNT INFORMATION

The above referenced account has been referred to our offices for collection by the creditor listed above.

Our professional account representatives are available to help you resolve this situation in a way that is acceptable to both you and our client.

The balance due may represent a balance after insurance or a balance that your insurance carrier has denied for some reason.

For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card.
www.paypcb.com

Additionally, feel free to mail your check, money order or credit card information along with the payment stub below.

*Whatever you do, please do not choose to ignore this outstanding debt.*

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*
ACA INTERNATIONAL   A/C REP: L MARCUS EXT 8228

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.

Account #: ████ 7002
Statement Date: 04/17/2021
Patient Name: MADALYN PREVETE
Balance Due: ████
We accept: DISC_VER VISA MC
Amount Paid


PO BOX 9060
HICKSVILLE, NY 11802-9060

**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please note your credit card statement will reflect a charge from Professional Claims Bureau, Inc.

card number
signature
print name

☐ Health/Flex Spending Account


000368
0101

MADALYN PREVETE
████████

expiration date
cvv code

████ 6262
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060



501

4452-PCBSTM-4593730-3187613908-P; 21243204-2-24; 32893130-1;